## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THE NORTH RIVER INSURANCE CO.** | § | |
| | § | **CASE NO. _____** |
| **v.** | § | |
| | § | |
| **KNAUF INTERNATIONAL GmbH,** | § | **JUDGE: _____** |
| **KNAUF INSULATION GmbH a/k/a** | § | |
| **KNAUF USA , KNAUF GIPS KG, KNAUF** | § | **MAG: _____** |
| **PLASTERBOARD (WUHU) CO., LTD.,** | § | |
| **and KNAUF PLASTERBOARD (Tianjin)** | § | |
| **CO., LTD.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The North River Insurance Company ("North River"), for its claims against Knauf International GmbH, Knauf Insulation GmbH a/k/a Knauf USA, Knauf GIPS KG, Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Tianjin) Co., Ltd. (collectively identified as the "Knauf Entities"), would show as follows:

### IDENTITY OF PARTIES

1.      North River is a corporation that is incorporated in Delaware and has its principal place of business in New Jersey.

2.      Knauf Insulation GmbH a/k/a/ Knauf USA,  is a corporation domiciled in the state of Indiana.

3.      Upon information and belief, Knauf Gips KG and Knauf International GmbH are entities created under the laws of Germany with their principal places of business in Germany. Upon information and belief, Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Tianjin) Co., Ltd. are entities created under the law of China with their principal place of business in China.

---

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this case because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of a State and citizens or subjects of a foreign state.  *See* 28 U.S.C. § 1332(a)(2).

Knauf International GmbH describes itself as "one of the world's leading manufacturers of building materials" and boasts of having "a workforce of 23,000 in 40 countries."[1]  On its website, Knauf International GMBH estimates that, for 2008, it will have worldwide sales of 5.6 billion Euros.  Knauf Insulation GmbH a/k/a Knauf Insulation USA, Knauf GIPS KG, Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Tianjin) Co., Ltd., are all direct or indirect subsidiaries of Knauf International GmbH.  Upon information and belief, Knauf International GmbH is owned and controlled by a very small number of shareholders who are all members of the Knauf family.  Upon information and belief, the controlling shareholders of Knauf International GmbH, acting primarily through Knauf GIPS KG, control all aspects of each direct or indirect subsidiary of Knauf International GmbH, including Knauf Insulation GmbH a/k/a Knauf USA, Knauf GIPS KG, Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Tianjin) Co., Ltd.  The various Knauf Entities are in fact a single business enterprise operated for the benefit and under the control of the shareholders of Knauf International GmbH.  In July 2010, the European Court of Justice issued a decision affirming a General Court fine of more than $100 million against Knauf GIPS KG, based upon a finding that all of the companies owned directly or indirectly by Knauf International GmbH involved in the drywall market were operated as a single business unit.  See Case C-407/08 P, *Knauf Gips KG v. Comm'n*, 2010 E.C.R. 00000, 5 C.M.L.R. 708 (2010).

---

[1] http://www.knauf.com/www/en/ueber-knauf/vom-familienunternehmen/unternehmensprofil/vom-familienunternehmen_1.php

5.

6.     At all relevant times, the shareholders of Knauf International GmbH have been parties to a family contract that provides (1) its purpose is to ensure the single management and direction of the companies in the Knauf Group and (2) the contract's object is to guarantee the single and concentrated exercise of the rights of the companies in the entire Knauf Group.

7.     Each of the Knauf Entities has either appeared or has consented to jurisdiction in federal court in this district and division in *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 09-2047,in the United States District Court for the Eastern District of Louisiana, either in the main proceeding or in one of the individual cases pending in that multidistrict litigation.  *See, e.g.* No. 09-MD-2047, Doc. Nos. 6694, 6695 and 7586.

8.     Because the Knauf Entities are not operated as separate companies, but instead are operated as a de facto single business entity and single business unit for the benefit of its ultimate owners, the Knauf family, the jurisdictional contacts of any of the Knauf Entities is attributable to each of the Knauf Entities, for jurisdictional and venue purposes as well as for substantive purposes.

9.      The matters at issue in this case arise out of the sale of drywall by Knauf Plasterboard (Wuhu) Co., Ltd. and Knauf Plasterboard (Tianjin) Co., Ltd. to Interior Exterior Building Supply, L.P. ("INEX"), a corporation that sells commercial and residential building materials, including drywall.  The sale was accomplished through Knauf Insulation USA.  INEX has been sued by hundreds of claimants who allege that the drywall that INEX purchased from the Knauf Entities and resold to third parties contains a redhibitory defect.  A large number of those claimants have also filed direct actions claims against North River based on certain excess policies of insurance placed by North River to INEX.  The drywall was delivered to Louisiana and other states along the Gulf Coast and was used in the construction of new homes and the

repair of other homes.  The claimants have alleged both property damage and personal injury claims.  North River has incurred costs substantially in excess of $75,000, in defending those claims and seeks recovery of those costs from the Knauf Entities.

10.     Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this district and each of the Knauf Entities is subject to personal jurisdiction in this district.

## RELEVANT FACTS

11.     The drywall at issue was designed, manufactured, distributed, and sold to INEX by one or more of the Knauf Entities.  There is no evidence from any source that INEX was aware of any redhibitory defect in the drywall at the time INEX sold the drywall to third parties. Representatives of both the Knauf Entities and INEX have testified under oath that INEX was not aware of any defect in the Knauf drywall sold by INEX.

12.     North River has been sued by a large number of claimants solely in its capacity as a liability insurer of INEX pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269. There have been no allegations of any duty owed directly from North River to the various claimants who have brought suit, nor have there been any allegations of independent wrongdoing by North River.

13.     The policies of insurance issued by North River to INEX all provide that in the event that North River makes any payment under the policy, all rights INEX may have against any third party are transferred to North River.  While North River denies that either it or INEX has any liability to any claimant who has brought a direct action against North River based on the sale of drywall by INEX, North River has already incurred significant damage by having to defend lawsuits alleging defects in the drywall designed, manufactured, and sold by the Knauf Entities.  In addition, if North River makes any payment under the policies on such a claim,

North River will be entitled to enforce the rights of INEX against third parties who are responsible for the loss.

## CAUSES OF ACTION

14.     Pursuant to La. R. S. art. 2531, a seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibitory defect.  Any contractual provision that attempts to limit, diminish or prevent such recovery by a seller against the manufacturer shall have no effect.

15.     North River has already incurred loss through the cost and burden of defending the direct action lawsuit filed against North River based upon defects in the drywall designed, manufactured, and sold by the Knauf Entities.

16.     If INEX is held liable for a redhibitory defect in the Knauf drywall it sold, North River will have an action against the Knauf Entities because, as the Knauf Entities have admitted, INEX did not know of the alleged defect.  Similarly, should North River be held liable for a redhibitory defect in the Knauf drywall sold by its insured, INEX, North River, pursuant to both the redhibition statute and its contractual rights, will have an action against one or more of the Knauf Entities.

17.     While North River maintains that neither it nor INEX has any liability to the claimants who have sued INEX or North River, in the unlikely event that such liability is imposed, North River is entitled to recover all losses it incurs, plus costs, expenses, and attorney's fees, from the Knauf Entities for the reasons set forth above.

WHEREFORE, Plaintiff The North River Insurance Company, prays that it have and recover from Knauf International GmbH, Knauf Insulation GmbH a/k/a Knauf Insulation USA, Knauf GIPS KG, Knauf Plasterboard (Wuhu) Co., Ltd., and Knauf Plasterboard (Tianjin) Co.,

Ltd., any and all loss suffered by North River as a result of claims against North River based on allegations of a defect in the drywall designed, manufactured, and sold by the Knauf Entities, along with costs, expenses, attorney's fees, interest, and such other items as North River is entitled to recover.

Respectfully submitted,

LOBMAN CARNAHAN BATT ANGELLE
    & NADER

By: _____/s Eric B. Berger_____
        SIDNEY J. ANGELLE, ESQ.,
        La. Bar No. 1002
        ERIC B. BERGER, ESQ.
        La. Bar No. 26196
        400 Poydras Street, Suite 2300
        New Orleans, Louisiana 70130
        Phone: (504) 586-9292
        Fax:   (504) 586-1290
        sja@lcba-law.com
        ebb@lcba-law.com

ATTORNEYS FOR PLAINTIFF
THE NORTH RIVER INSURANCE COMPANY

OF COUNSEL:

THOMPSON COE COUSINS & IRONS LLP
BRIAN S. MARTIN, ESQ.
KEVIN F. RISLEY, ESQ.
RODRIGO "DIEGO" GARCIA, JR., ESQ.
One Riverway, Suite 1600
Houston, Texas 77056
Phone: (713) 403-8210
Fax:  (713) 403-8299
bmartin@thompsoncoe.com